Jorge Gonzalez SBN 100799
A PROFESSIONAL CORPORATION
2485 Huntington Dr., Ste. 238
San Marino, CA 91108-2622
t. 626-328-3081
e. jgonzalezlawoffice@gmail.com

Paul Hoffman SBN 71244
Michael D. Seplow SBN 150183
Aidan C. McGlaze SBN 277270
Kristina A. Harootun SBN 308718
John Washington SBN 315991
SCHONBRUN SEPLOW HARRIS,
HOFFMAN & ZELDES LLP
11543 W. Olympic Blvd.
Los Angeles, California 90064
t. 310-396-0731; f. 310 399-7040
e. hoffpaul@aol.com
e. mseplow@sshhzlaw.com
e. amcglaze@sshhzlaw.com
e. kharootun@sshhzlaw.com
e. jwashington@sshhlaw.com

Carolyn Y. Park SBN 229754
LAW OFFICE OF CAROLYN PARK
595 Lincoln Ave., SUITE 200
Pasadena, CA 91103
t. 213-290-0055
e. carolynyoungpark@gmail.com

Arnoldo Casillas SBN 158519
Denisse O. Gastélum SBN 282771
CASILLAS & ASSOCIATES
3777 Long Beach Blvd., 3RD FLO,
Long Beach, CA 90807
t. 323-725-0350
e. acasillas@casillaslegal.com
e. dgastelum@casillaslegal.com

Morgan E. Ricketts SBN 268892
RICKETTS LAW
540 El Dorado Street, Ste. 202
Pasadena, CA 91101
t. 213-995-3935
e. morgan@morganricketts.com

*Attorneys for Plaintiffs.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KRIZIA BERG, GRACE BRYANT, JAMES BUTLER, NOELANI DEL ROSARIO-SABET, LINDA JIANG, SEBASTIAN MILITANTE, CHRISTIAN MONROE, MATTHEW NIELSEN, EMANUEL PADILLA, SHAKEER RAHMAN, AUSTIN THARPE, TRAVIS WELLS, DEVON YOUNG, individually and on behalf others similarly situated,<br><br>PLAINTIFFS,<br>v.<br><br>COUNTY OF LOS ANGELES, a municipal entity, SHERIFF ALEX VILLANUEVA, and DOES 1-10 inclusive,<br><br>DEFENDANTS. | Case No.: 2:20-cv-07870<br><br>**NOTICE OF RELATED CASES** |

**PLEASE TAKE NOTICE** that the following case that has previously been filed in this Court is related to the present case in that each of these cases arise from the same or closely related transactions, happenings or events, call for determination of the same or substantially related or similar questions of law and fact, and would entail substantial duplication of labor if heard by different judges:

1. *Black Lives Matter Los Angeles, et al. v. City of Los Angeles, et al.*, Case No. 2:20-cv-05027 CBM-AS.

Pursuant to California Central District Local Rules, Rule 83-1.3.1, this Notice of Related Cases is based on the following factual statement:

Prior to the filing of this Complaint, a federal class action lawsuit against the City of Los Angeles was filed on June 5, 2020, alleging that in response to organized protests by Black Lives Matter Los Angeles (hereinafter "BLMLA") following the murder of George Floyd, while BLMLA and its members were engaged in lawful First Amendment activity, the City of Los Angeles and the Los Angeles Police Department ("LAPD") used force to terminate the protests, including the indiscriminate use of so-called "less-lethal" weapons that caused injury to its members and instilled fear in them that, if they chose to assemble in public spaces to express their opposition to police violence across the nation against black men and women, they would be the subject of such violence and arrest. *See Black Lives Matter Los Angeles, et al. v. City of Los Angeles, et al*., Case No. 2:20-cv-05027 CBM-AS 20-05027 (C.D. Cal. filed June 21, 2020) ("*BLMLA*"). The *Black Lives Matter Los Angeles* complaint seeks declaratory and injunctive relief against the City of Los Angeles and the LAPD—both entities of which worked in concert with County of Los Angeles and Los Angeles County Sheriff's Department ("LASD") to cause the constitutional violations and harms alleged in this action—for violations of class members' civil rights.

Under Local Rule 83-1.3.1, two actions are related if they "(a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges."

This case (*Berg v. County of Los Angeles*) and the *BLMLA* case satisfy the criteria for related cases as set forth in Rule 83-1.3.1. The actions both concern events occurring in the County of Los Angeles, and both cases will involve investigating the unlawful policies, procedures, history, and customs of the LASD working on its own and in concert with the LAPD in response to anti-racism protests. In addition, the LAPD participated in the same constitutional violations caused by the LASD as alleged in this action. *See Vaughn v. World Sav. Bank, FSB*, No. CV 12-06012 DMG JEMX, 2013 WL 1876449, at *6 (C.D. Cal., Feb. 22, 2013,) ("[G]iven the near identity of claims against all Defendants in both actions, the Court finds that consolidation will save time and effort and avoid unnecessary inconvenience, delay, and expense."); (*See, e.g., Berg* Complaint ¶¶ 19–48, 76.)

Indeed, both complaints involve law enforcement response to two large demonstrations, one on May 30 and the other on June 3. *See Berg* Complaint ¶¶ 37, 39. Specifically, on May 30, 2020, Plaintiffs in this action and Plaintiffs in the *BLMLA* action both participated in the same demonstration that took place in the Pan Pacific Park/Fairfax area. During the demonstration, LAPD and LASD coordinated their crowd control operations and worked together to unlawfully arrest, detain, and search and use excessive force against peaceful protestors. (*See* Id ¶ 43). Plaintiffs in this action further allege that both LAPD and LASD coordinated to unlawfully arrest, detain and search and use excessive force against peaceful protestors at the Grand Park protest on June 3, 2020. *See id.* at ¶¶ 48-49.

Further, the proposed class definitions in both cases are substantially similar. *Ayer v. Frontier Communications Corporation*, No. EDCV161946PADTBX, 2017

WL 3891358, at *3 (C.D. Cal., Sept. 5, 2017) ("any suggestion . . . that the cases are not related is belied by the pleadings and proposed class definitions."). The Arrest Class in both actions are defined as individuals who were arrested and subjected to prolonged tight handcuffing in enclosed, crowded spaces during the COVID-19 pandemic after participating in peaceful protests against police brutality that took place during the same timeframe. (*See Berg* Complaint at ¶ 98(a), *BLMLA* Complaint at ¶ 128(a)). The Direct Force Class in both actions are defined as individuals participating in peaceful protest or observing proceedings who were subjected to force with so-called "less-lethal" weapons at protests against police brutality that took place during the same timeframe. (*See* Complaint at ¶¶ 98(b); *BLMLA* Complaint at ¶ 128(b)). Accordingly, the legal issues involved in whether to certify classes in both cases involving police response to demonstrations will be substantially similar such that the interests of judicial economy will be promoted if both cases are assigned to the same judge.

    Moreover, discovery in the two actions will likely overlap as a critical issue will be the manner in which the County of Los Angeles (and its Sheriff's Department) and the City of Los Angeles (and its police department) operate in unison when responding to protests. Accordingly, given the significant overlap between the two actions, judicial economy is best served by designated both cases as related.

///
///
///
///
///
///
///
///

For the foregoing reasons, Plaintiffs respectfully contend that this case should be related to, *Black Lives Matter Los Angeles, et al. v. City of Los Angeles, et al.*, No. 2:20-cv-05027 CBM-AS.

Dated: August 27, 2020                              Respectfully submitted,

By: /s/ Jorge Gonzalez
Jorge Gonzalez
A PROFESSIONAL CORPORATION

Paul Hoffman
Michael D. Seplow
Aidan C. McGlaze
Kristina A. Harootun
John Washington
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP

Carolyn Y. Park
LAW OFFICE OF CAROLYN PARK

Arnoldo Casillas
Denisse O. Gastélum
CASILLAS & ASSOCIATES

Morgan E. Ricketts
RICKETTS LAW

*Attorneys for Plaintiffs and Proposed Class.*