PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
RAYMOND W. SAKAI, State Bar No. 193507
rsakai@lbaclaw.com
EMILY B. SUHR, State Bar No. 306658
esuhr@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles and Sheriff Alex Villanueva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| KRIZIA BERG, et al., | Case No. 2:20-cv-07870-DMG-PD |
|---|---|
| Plaintiffs, | Honorable Dolly M. Gee |
| vs. | **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN THEIR SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR APPLICATION FOR A PRELIMINARY INJUNCTION** |
| COUNTY OF LOS ANGELES, a municipal entity, et al., | |
| Defendants. | *[Opposition Memorandum and Declarations filed concurrently herewith]* |

TO THE CLERK OF COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants County of Los Angeles and Sheriff Alex Villanueva (collectively, "Defendants") hereby object to the following "evidence" submitted by Plaintiffs in their Supplemental Brief (Docket No. 28) filed in support of their *Ex Parte* Application for a Preliminary Injunction.

///

First, Plaintiffs' Supplemental Brief includes multiple factual assertions without citation to any evidence, in direct violation of this Court's Order denying Plaintiffs' Application for a Temporary Restraining Order (Docket No. 26), as well as the Local Rules and the Federal Rules of Evidence.

Second, Plaintiffs' Supplemental Brief includes multiple footnotes with references to postings on websites. *See* footnotes 1-7, 10, and 11. The purported information in these postings on these websites lacks foundation, is not properly authenticated, contains multiple levels of hearsay for which no applicable exception applies for each level, is argumentative and is irrelevant. *See* Fed. R. Evid., Rules 401-403, 602, 801, 802, and 901.

Third, footnote 8 in Plaintiffs' Supplemental Brief refers to a purported claim for damages. The assertion in the footnote and the purported claim is improper and inadmissible for several reasons. First, the claim is not attached to the Complaint (which is the basis for their application for a preliminary injunction) nor is it attached to the operative pleading; thus, it is irrelevant because the operative pleading defines the scope of every action. *Burlington Ins. Co. v. Oceanic Design & Const., Inc.,* 383 F.3d 940, 953 (9th Cir. 2004). Second, the purported claim is irrelevant because under California law, it was required to be filed *before* Plaintiffs initiated their suit, not after, and their belated filing cannot cure their deficiency. *Le Mere v. Los Angeles Unified School Dist.*, 35 Cal. App. 5th 237, 246-47 (Ct. App. 2019) (holding appellant violated the Government Claims Act (Cal. Gov't. Code § 810 et seq.) because she did not file her government claim prior to filing her original complaint, and therefore her lawsuit was barred). Third, the claim (and not Plaintiffs' description of their claim) is the best evidence of the claim. Fourth, the assertion in the footnote is vague and ambiguous because it does not clearly describe the terms and scope of the purported claim. Fifth, it would be improper and an obvious violation of Defendants' due process rights for Plaintiffs to belatedly submit their untimely

claim with their second set of reply papers when, in fact, it should have been attached to their initial pleading in this matter.  *See* Fed. R. Evid., Rules 401-403, 602, 801, 802, and 901.

     Accordingly, Defendants respectfully request that their objections be sustained, that the objected to "evidence" be stricken, and that it be disregarded by the Court in its ruling on the subject Application.

Dated:  October 23, 2020        LAWRENCE BEACH ALLEN & CHOI, PC

By     /s/  Paul B. Beach
      Paul B. Beach
      Attorneys for Defendants
      County of Los Angeles and
      Sheriff Alex Villanueva

BERG\SUPP EVIDENTIARY OBJS