| | |
|---|---|
| 1 | PAUL B. BEACH, State Bar No. 166265 |
| 2 | pbeach@lbaclaw.com<br>RAYMOND W. SAKAI, State Bar No. 193507 |
| 3 | rsakai@lbaclaw.com<br>EMILY B. SUHR, State Bar No. 306658 |
| 4 | esuhr@lbaclaw.com<br>LAWRENCE BEACH ALLEN & CHOI, PC |
| 5 | 100 West Broadway, Suite 1200<br>Glendale, California  91210-1219 |
| 6 | Telephone No. (818) 545-1925<br>Facsimile No. (818) 545-1937 |
| 7 | Attorneys for Defendants |
| 8 | County of Los Angeles and Sheriff Alex Villanueva |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRIZIA BERG, et al.,<br><br>      Plaintiffs,<br><br>   vs.<br><br>COUNTY OF LOS ANGELES, a municipal entity, et al.,<br><br>      Defendants. | Case No. 2:20-cv-07870-DMG-PD<br><br>Honorable Dolly M. Gee<br><br>**DEFENDANTS COUNTY OF LOS ANGELES AND SHERIFF ALEX VILLANUEVA'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

COME NOW Defendants County of Los Angeles and Sheriff Alex Villanueva (collectively, "Defendants"), and answering the First Amended Complaint ("FAC") herein for themselves and for no other Defendants, admit, deny, and allege as follows:

1.  Answering Paragraphs 1, 2, 5, 29, 32, 40, 41, 50, 64, 74, 76, 77, 78, 81, 89, 98, 109, 111, 112, 113, 125, 130, 131, 132, 133, 134, 135, 136, 137, 138, 141, 142, 146, 147, 148, 150, 151, 152, 153, 155, 156, 157, 158, 159, 160, 161,

1

1 | 162, 163, 164, 165 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

2. Answering Paragraphs 3, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 25, 26, 27, 28, 30, 31, 33, 34, 35, 36, 37, 38, 39, 42, 43, 44, 45, 46, 47, 48, 49, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 79, 80, 82, 83, 84, 85, 86, 87, 88, 90, 91, 92, 93, 94, 95, 96, 97, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 110, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 140, 144, 145, of the FAC, Defendants do not have sufficient information or belief to enable them to answer said Paragraphs and, on that ground, deny each and every allegation contained therein.

3. Answering Paragraphs 4 and 24 of the FAC, Defendants admit that Alex Villanueva is the duly elected Sheriff of Los Angeles County. As to the remainder of the allegations set forth in the paragraphs of the FAC, Defendants do not have sufficient information or belief to enable them to answer said paragraphs and, on that ground, deny each and every allegation contained therein.

4. Answering Paragraph 6 of the FAC, Defendants admit that, under the facts alleged, jurisdiction is proper.

5. Answering Paragraph 7 of the FAC, Defendants admit that, under the facts alleged, venue is proper.

6. Answering Paragraph 23 of the FAC, Defendants admit that the County of Los Angeles is a public entity and that the Los Angeles County Sheriff's Department ("LASD") is a subdivision of the former. As to the remainder of the allegations set forth in Paragraph 23 of the FAC, these Defendants do not have sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

///
///

BERG\Answer to FAC

7. Answering Paragraph 128 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 127 as though fully set forth herein.

8. Answering Paragraph 129 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 128 as though fully set forth herein.

9. Answering Paragraph 139 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 138 as though fully set forth herein.

10. Answering Paragraph 143 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 142 as though fully set forth herein.

11. Answering Paragraph 149 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 148 as though fully set forth herein.

12. Answering Paragraph 154 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 153 as though fully set forth herein.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

13. That Plaintiffs' lawsuit is barred, pursuant to the Government Claims Act and *Lowry v. Port San Luis Harbor*, No. 45, 2020 WL 6192949, at *10 (Cal. Ct. App. Oct. 22, 2020), for failure to file and have their tort claim rejected prior to filing suit, and noncompliance cannot be cured by amending the complaint.

## SECOND AFFIRMATIVE DEFENSE

14. That Plaintiffs' FAC fails to state a cause of action against these public entity defendants for, pursuant to *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694 (1978), there can be no recovery for a federal civil rights

violation where there is no constitutional deprivation occurring pursuant to governmental policy or practice.

### THIRD AFFIRMATIVE DEFENSE

15. The FAC does not state facts sufficient to constitute a cause of action against Defendants under 42 U.S.C. § 1983 because simple negligence pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527 (1981), is not a federal civil rights violation.

### FOURTH AFFIRMATIVE DEFENSE

16. That pursuant to California Government Code § 818, and *Newport City v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), this public entity defendant is not liable for exemplary or punitive damages in any sum, or at all.

### FIFTH AFFIRMATIVE DEFENSE

17. Defendants employed by this Defendant are entitled to qualified immunity because they did not deprive Plaintiff of a constitutional right.

### SIXTH AFFIRMATIVE DEFENSE

18. Defendants are entitled to qualified immunity since the applicable law was not clearly established and since a reasonable official in Defendants' position could have believed their conduct was lawful.

### SEVENTH AFFIRMATIVE DEFENSE

19. To the extent that any force was used, it was privileged as being reasonably necessary, and being believed to be so necessary, to the lawful defense of third parties and/or Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

20. Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in Plaintiffs' FAC with specificity.

### NINTH AFFIRMATIVE DEFENSE

21. The County Sheriff and his subordinates act on behalf of the State, not the County, when engaged in law enforcement activities, consequently, any

policies, practices or customs alleged in Plaintiffs' FAC are not those of the County.

### TENTH AFFIRMATIVE DEFENSE

22. The County is immune from liability under the Eleventh Amendment to the Constitution of the United States.

### ELEVENTH AFFIRMATIVE DEFENSE

23. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

### TWELFTH AFFIRMATIVE DEFENSE

24. Neither a public employee nor a public entity is liable for any injury caused by the act or omission of another person.

### THIRTEENTH AFFIRMATIVE DEFENSE

25. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

### FOURTEENTH AFFIRMATIVE DEFENSE

26. A public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

### FIFTEENTH AFFIRMATIVE DEFENSE

27. Neither a public entity nor a public employee is liable for any injury caused by adopting or failing to adopt an enactment or by failing to enforce any law.

///
///
///
///
///

BERG\Answer to FAC

### SIXTEENTH AFFIRMATIVE DEFENSE

28. Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

29. Neither a public entity nor a public employee is liable for any injury caused by the adoption or failure to adopt an enactment or by the failure to enforce an enactment.

### EIGHTEENTH AFFIRMATIVE DEFENSE

30. Any alleged acts or omissions by this answering Defendant were superseded by the negligence or intentional acts of Plaintiffs and/or third parties whose negligence intervened and was the sole and proximate cause of any detriment that Plaintiffs alleged in the FAC.

### NINETEENTH AFFIRMATIVE DEFENSE

31. That the damages, if any, should be in direct proportion to the fault of this defendant, if any, as provided by Civil Code §§1431 to 1431.5.

### TWENTIETH AFFIRMATIVE DEFENSE

32. The actions of this Defendant and its employees in all respects were reasonable, proper and legal

### TWENTY-FIRST AFFIRMATIVE DEFENSE

33. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands

### TWENTY-SECOND AFFIRMATIVE DEFENSE

34. Plaintiffs' claims are barred by the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

35. Plaintiff has failed to join all necessary parties to this action.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

36. Neither this answering Defendant nor any of its employees acted with deliberate indifference.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

37. Defendant is not liable pursuant to the doctrine of assumption of risk.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

38. Plaintiffs failed to mitigate their damages.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

39. Because Plaintiffs' complaint is couched in conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

40. The complaint does not state facts sufficient to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, this action is not properly brought as a class action.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

41. Plaintiffs are not proper representatives of the class they purport to represent and, therefore, this action is not properly brought as a class action.

**THIRTIETH AFFIRMATIVE DEFENSE**

42. Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if public protection service is provided, for failure to provide sufficient police protection service.

///

///

BERG\Answer to FAC

### THIRTY-FIRST AFFIRMATIVE DEFENSE

43. Each of Plaintiffs' state law claims are barred by the absolute "official duty" privilege of Civil Code § 47(a).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

44. Each of Plaintiffs' state law claims are barred by the absolute privilege of Government Code § 821.6.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

45. The Complaint and individual theories of relief set forth therein are barred by Plaintiffs' failure to have complied with the California public entity and public employee claims filing provisions.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

46. This action is barred by the applicable statutes of limitations.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

47. Defendant alleges Plaintiffs have not suffered any damages as a result of any alleged act or omission by Defendant and are, therefore, barred from asserting their claims against Defendant.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

48. To the extent that any force was used in the incident complained of, it was so used in the exercise of the right of self-defense.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

49. That any injury or damage suffered by Plaintiffs and/or Decedent was caused solely by reason of Decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his office, and not by reason of any unlawful acts or omissions of these Defendant.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

50. Plaintiffs lack standing to pursue claims for relief.

///

BERG\Answer to FAC

### THIRTY-NINTH AFFIRMATIVE DEFENSE

51. Defendant is immune from liability, pursuant to Government Code § 845.8, since any injuries resulted from a criminal suspect resisting or fleeing from arrest.

### DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants County of Los Angeles and Sheriff Alex Villanueva demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated: November 4, 2020  LAWRENCE BEACH ALLEN & CHOI, PC

By  /s/ Paul B. Beach
     Paul B. Beach
     Attorneys for Defendants
     County of Los Angeles and
     Sheriff Alex Villanueva

BERG\Answer to FAC