1  PAUL B. BEACH, State Bar No. 166265
2  RAYMOND W. SAKAI, State Bar No. 193507
   rsakai@lbaclaw.com
3  DAISY SANCHEZ, State Bar No. 334090
   dsanchez@lbaclaw.com
4  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
5  Glendale, California  91210-1219
   Telephone No. (818) 545-1925
6  Facsimile No. (818) 545-1937

7  Attorneys for Defendants
   County of Los Angeles and Sheriff Alex Villanueva

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  KRIZIA BERG, GRACE BRYANT, JAMES BUTLER, NOELANI DEL ROSARIO-SABET, LINDA JIANG, SEBASTIAN MILITANTE, CHRISTIAN MONROE, MATTHEW NIELSEN, EMANUEL PADILLA, SHAKEER RAHMAN, AUSTIN THARPE, TRAVIS WELLS, DEVON YOUNG, DIANA BARBADILLO, TAEGEN MEYER, JOSEPH MISCHO, JILLIAN O'NEIL, VISHAL SINGH, KEYANNA BEAN, CLIFF SMITH, DAVID PATRICK MCDONALD, DAVID RAMIREZ, IMORIE RECIO, JESSICA ROGERS, ASA JULEFF, individually and on behalf others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, a municipal entity, SHERIFF ALEX VILLANUEVA, and Does 1-10 inclusive, <br><br> Defendants. | Case No. 2:20-cv-07870-DMG-PD <br><br> Honorable Dolly M. Gee <br><br> **DEFENDANTS COUNTY OF LOS ANGELES AND SHERIFF ALEX VILLANUEVA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

BERG\Answer to SAC

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

COME NOW Defendants County of Los Angeles and Sheriff Alex Villanueva (collectively, "Defendants"), and answering the Second Amended Complaint ("SAC") herein for themselves and for no other Defendants, admit, deny, and allege as follows:

1.      Answering Paragraphs 1, 2, 39, 42, 50, 51, 73, 75, 84, 86, 87, 88, 91, 99, 108, 119, 121, 122, 123, 129, 133, 135, 140, 141, 142, 143, 144, 145, 146, 147, 148, 151, 152, 156, 157, 158, 160, 161, 162, 163, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175 of the SAC, Defendants deny generally and specifically each and every allegation contained therein.

2.      Answering Paragraphs 3, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 35, 36, 37, 38, 40, 41, 43, 44, 45, 46, 47, 48, 49, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 74, 76, 77, 78, 79, 80, 81, 82, 83, 85, 89, 90, 92, 93, 94, 95, 96, 97, 98, 100, 101, 102, 103, 104, 105, 106, 107, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 120, 124, 125, 126, 127, 128, 130, 131, 132, 134, 136, 137, 150, 154, 155 of the SAC, Defendants do not have sufficient information or belief to enable them to answer said Paragraphs and, on that ground, deny each and every allegation contained therein.

3.      Answering Paragraph 4 and 34 of the SAC, Defendants admit that Alex Villanueva is the duly elected Sheriff of Los Angeles County.  As to the remainder of the allegations set forth in the paragraphs of the SAC, Defendants do not have sufficient information or belief to enable them to answer said paragraphs and, on that ground, deny each and every allegation contained therein.

4.      Answering Paragraph 5 of the SAC, Defendants admit that this Court entered a Preliminary Injunction regarding the Los Angeles County Sheriff's Department ("LASD") use of less-lethal munitions.  As to the remainder of the

BERG\Answer to SAC

allegations, Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

5.    Answering Paragraph 6 of the SAC, Defendants admit that, under the facts alleged, jurisdiction is proper.

6.    Answering Paragraph 7 of the SAC, Defendants admit that, under the facts alleged, venue is proper.

7.    Answering Paragraph 33 of the SAC, Defendants admit that the County of Los Angeles is a public entity and that the LASD is a subdivision of the former.  As to the remainder of the allegations set forth in Paragraph 33 of the SAC, these Defendants do not have sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

8.    Answering Paragraph 138 of the SAC, Defendants incorporate by reference their responses to Paragraphs 1 through 137 as though fully set forth herein.

9.    Answering Paragraph 139 of the SAC, Defendants incorporate by reference their responses to Paragraphs 1 through 138 as though fully set forth herein.

10.    Answering Paragraph 149 of the SAC, Defendants incorporate by reference their responses to Paragraphs 1 through 148 as though fully set forth herein.

11.    Answering Paragraph 153 of the SAC, Defendants incorporate by reference their responses to Paragraphs 1 through 152 as though fully set forth herein.

12.    Answering Paragraph 159 of the SAC, Defendants incorporate by reference their responses to Paragraphs 1 through 158 as though fully set forth herein.

BERG\Answer to SAC

13.     Answering Paragraph 164 of the SAC, Defendants incorporate by reference their responses to Paragraphs 1 through 163 as though fully set forth herein.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

14.     That Plaintiffs' lawsuit is barred, pursuant to the Government Claims Act and their failure to file and have their tort claim rejected prior to filing suit, and noncompliance cannot be cured by amending the complaint. *Lowry v. Port San Luis Harbor*, 56 Cal.App.5th 211, 221 (2020).

### SECOND AFFIRMATIVE DEFENSE

15.     That Plaintiffs' SAC fails to state a cause of action against these public entity defendants for, pursuant to *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or practice.

### THIRD AFFIRMATIVE DEFENSE

16.     The SAC does not state facts sufficient to constitute a cause of action against Defendants under 42 U.S.C. § 1983 because simple negligence pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527 (1981), is not a federal civil rights violation.

### FOURTH AFFIRMATIVE DEFENSE

17.     That pursuant to California Government Code § 818, and *Newport City v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), this public entity defendant is not liable for exemplary or punitive damages in any sum, or at all.

### FIFTH AFFIRMATIVE DEFENSE

18.     Defendants employed by this Defendant are entitled to qualified immunity because they did not deprive Plaintiff of a constitutional right.

**SIXTH AFFIRMATIVE DEFENSE**

19.     Defendants are entitled to qualified immunity since the applicable law was not clearly established and since a reasonable official in Defendants' position could have believed their conduct was lawful.

**SEVENTH AFFIRMATIVE DEFENSE**

20.     To the extent that any force was used, it was privileged as being reasonably necessary, and being believed to be so necessary, to the lawful defense of third parties and/or Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

21.     Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in Plaintiffs' SAC with specificity.

**NINTH AFFIRMATIVE DEFENSE**

22.     The County Sheriff and his subordinates act on behalf of the State, not the County, when engaged in law enforcement activities, consequently, any policies, practices or customs alleged in Plaintiffs' SAC are not those of the County.

**TENTH AFFIRMATIVE DEFENSE**

23.     The County is immune from liability under the Eleventh Amendment to the Constitution of the United States.

**ELEVENTH AFFIRMATIVE DEFENSE**

24.     Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

**TWELFTH AFFIRMATIVE DEFENSE**

25.     Neither a public employee nor a public entity is liable for any injury caused by the act or omission of another person.

//

//

//

BERG\Answer to SAC

## THIRTEENTH AFFIRMATIVE DEFENSE

26.     Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

## FOURTEENTH AFFIRMATIVE DEFENSE

27.     A public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

## FIFTEENTH AFFIRMATIVE DEFENSE

28.     Neither a public entity nor a public employee is liable for any injury caused by adopting or failing to adopt an enactment or by failing to enforce any law.

## SIXTEENTH AFFIRMATIVE DEFENSE

29.     Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

30.     Neither a public entity nor a public employee is liable for any injury caused by the adoption or failure to adopt an enactment or by the failure to enforce an enactment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

31.     Any alleged acts or omissions by these answering Defendants were superseded by the negligence or intentional acts of Plaintiffs and/or third parties whose negligence intervened and was the sole and proximate cause of any detriment that Plaintiffs alleged in the SAC.

//

BERG\Answer to SAC

**NINETEENTH AFFIRMATIVE DEFENSE**

32.     That the damages, if any, should be in direct proportion to the fault of these Defendants, if any, as provided by Civil Code §§1431 to 1431.5.

**TWENTIETH AFFIRMATIVE DEFENSE**

33.     The actions of these Defendants and their employees in all respects were reasonable, proper and legal.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

34.     Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

35.     Plaintiffs' claims are barred by the doctrine of laches.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

36.     Plaintiff has failed to join all necessary parties to this action.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

37.     Neither these answering Defendants nor any of its employees acted with deliberate indifference.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

38.     Defendants are not liable pursuant to the doctrine of assumption of risk.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

39.     Plaintiffs failed to mitigate their damages.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

40.     Because Plaintiffs' complaint is couched in conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

//

7

1

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

2   41.   Neither a public entity nor a public employee is liable for failure to
3   establish a police department or otherwise provide police protection service or, if
4   public protection service is provided, for failure to provide sufficient police
5   protection service.

6   **TWENTY-NINTH AFFIRMATIVE DEFENSE**

7   42.   Each of Plaintiffs' state law claims are barred by the absolute
8   "official duty" privilege of Civil Code § 47(a).

9   **THIRTIETH AFFIRMATIVE DEFENSE**

10   43.   Each of Plaintiffs' state law claims are barred by the absolute
11   privilege of Government Code § 821.6.

12   **THIRTY-FIRST AFFIRMATIVE DEFENSE**

13   44.   The SAC and individual theories of relief set forth therein are barred
14   by Plaintiffs' failure to have complied with the California public entity and public
15   employee claims filing provisions.

16   **THIRTY-SECOND AFFIRMATIVE DEFENSE**

17   45.   This action is barred by the applicable statutes of limitations.

18   **THIRTY-THIRD AFFIRMATIVE DEFENSE**

19   46.   Defendants allege Plaintiffs have not suffered any damages as a
20   result of any alleged act or omission by Defendants and are, therefore, barred
21   from asserting their claims against Defendants.

22   **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

23   47.   To the extent that any force was used in the incident complained of,
24   it was so used in the exercise of the right of self-defense.

25   //
26   //
27   //
28   //

8

BERG\Answer to SAC

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

48.     That any injury or damage suffered by Plaintiffs was caused solely by reason of Plaintiffs' wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his office, and not by reason of any unlawful acts or omissions of these Defendants.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

49.     Plaintiffs lack standing to pursue claims for relief.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

50.     Defendants are immune from liability, pursuant to Government Code § 845.8, since any injuries resulted from a criminal suspect resisting or fleeing from arrest.


WHEREFORE, Defendants County of Los Angeles and Sheriff Alex Villanueva pray that Plaintiffs take nothing by way of their Second Amended Complaint and that Defendants herein recover their costs, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated:  August 13, 2021                    LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Raymond W. Sakai_____
        Raymond W. Sakai
        Attorneys for Defendants
        County of Los Angeles and
        Sheriff Alex Villanueva

9

BERG\Answer to SAC

1

## **DEMAND FOR JURY TRIAL**

2       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

3       PLEASE TAKE NOTICE that Defendants County of Los Angeles and

4   Sheriff Alex Villanueva demand a trial by jury pursuant to Federal Rules of Civil

5   Procedure, Rule 38(b) and Local Rule 38-1.

6

7   Dated:  August 13, 2021            LAWRENCE BEACH ALLEN & CHOI, PC

8

9                                   By _____/s/  Raymond W. Sakai_____

10                                          Raymond W. Sakai
                                           Attorneys for Defendants
11                                          County of Los Angeles and
                                           Sheriff Alex Villanueva
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10