PAUL B. BEACH, State Bar No. 166265
RAYMOND W. SAKAI, State Bar No. 193507
rsakai@lbaclaw.com
SHAWYANE EMADI, State Bar No. 352292
Semadi@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendants
County of Los Angeles, Sheriff Alex Villanueva, and Sheriff Robert Luna

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIZIA BERG, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, etc., et al.,<br><br>Defendants. | Case No. 2:20-cv-07870-DMG-PD<br><br>Honorable Dolly M. Gee<br><br>**DEFENDANTS COUNTY OF LOS ANGELES, SHERIFF ALEX VILLANUEVA, AND SHERIFF LUNA'S ANSWER TO THIRD AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

COME NOW Defendants County of Los Angeles, Sheriff Alex Villanueva, and Sheriff Robert Luna, in his official capacity only, (collectively, "Defendants"), and answering the Third Amended Complaint ("Complaint") herein for themselves and for no other Defendants, admit, deny, and allege as follows:

1.      Answering Paragraphs 2, 4, 40, 46, 47, 71, 99-101, 109-111, 141, 144, 145, 169-177 of the Complaint, Defendants deny generally and specifically each and every allegation contained therein.

1

2.      Answering Paragraphs 1, 3, 6, 9-27, 30-31, 33-39, 41-45, 48-70, 72-81, 84-98, 102-108, 112-139, 142, 143, 146-149, 151-153, 155-157, 159-162, 164-168 of the Complaint, Defendants do not have sufficient information or belief to enable them to answer said Paragraphs and, on that ground, deny each and every allegation contained therein.

3.      Answering Paragraph 5 of the Complaint, Defendants admit that this Court entered a Preliminary Injunction regarding the Los Angeles County Sheriff's Department's ("LASD") use of less-lethal munitions.  As to the remainder of the allegations, Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

4.      Answering Paragraph 7 of the Complaint, Defendants admit that, under the facts alleged, jurisdiction is proper.

5.      Answering Paragraph 8 of the Complaint, Defendants admit that, under the facts alleged, venue is proper. As to the remainder of the allegations, Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

6.      Answering Paragraph 28 of the Complaint, Defendants admit that the County of Los Angeles is a public entity and that the LASD is a subdivision of the former. As to the remainder of the allegations, Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

7.      Answering Paragraph 29 of the Complaint, Defendants admit that Defendant Sheriff Villanueva was in 2020 the duly elected Sheriff of Los Angeles County. As to the remainder of the allegations, Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

8. Answering Paragraph 32 of the Complaint, Defendants admit that Defendant Sheriff Luna is the duly elected Sheriff of Los Angeles County. As to the remainder of the allegations, Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

9. Answering Paragraph 82 of the Complaint, Defendants admit that this Court entered a Preliminary Injunction. As to the remainder of the allegations, Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

10. Answering Paragraph 83 of the Complaint, Defendants admit that there is a Penal Code § 13652. As to the remainder of the allegations, Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

11. Answering Paragraph 140 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 139 as though fully set forth herein.

12. Answering Paragraph 150 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 149 as though fully set forth herein.

13. Answering Paragraph 154 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 153 as though fully set forth herein.

14. Answering Paragraph 158 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 157 as though fully set forth herein.

15.     Answering Paragraph 163 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 162 as though fully set forth herein.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

16.     That Plaintiffs' lawsuit is barred, pursuant to the Government Claims Act and their failure to file and have their tort claim rejected prior to filing suit, and noncompliance cannot be cured by amending the complaint. *Lowry v. Port San Luis Harbor*, 56 Cal.App.5th 211, 221 (2020).

### SECOND AFFIRMATIVE DEFENSE

17.     That Plaintiffs' complaint fails to state a cause of action against these public entity defendants for, pursuant to *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or practice.

### THIRD AFFIRMATIVE DEFENSE

18.     The complaint does not state facts sufficient to constitute a cause of action against Defendants under 42 U.S.C. § 1983 because simple negligence pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527 (1981), is not a federal civil rights violation.

### FOURTH AFFIRMATIVE DEFENSE

19.     Defendants are immune from liability, pursuant to Government Code § 845.8, since any injuries resulted from a criminal suspect resisting or fleeing from arrest.

### FIFTH AFFIRMATIVE DEFENSE

20.     Defendants employed by this Defendant are entitled to qualified immunity because they did not deprive Plaintiff of a constitutional right.

4

## SIXTH AFFIRMATIVE DEFENSE

21.    The individual defendants are entitled to qualified immunity since the applicable law was not clearly established and since a reasonable official in Defendants' position could have believed their conduct was lawful.

## SEVENTH AFFIRMATIVE DEFENSE

22.    To the extent that any force was used, it was privileged as being reasonably necessary, and being believed to be so necessary, to the lawful defense of third parties and/or Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

23.    Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in Plaintiffs' complaint with specificity.

## NINTH AFFIRMATIVE DEFENSE

24.    The County Sheriff and his subordinates act on behalf of the State, not the County, when engaged in law enforcement activities, consequently, any policies, practices or customs alleged in Plaintiffs' compliant are not those of the County.

## TENTH AFFIRMATIVE DEFENSE

25.    The County is immune from liability under the Eleventh Amendment to the Constitution of the United States.

## ELEVENTH AFFIRMATIVE DEFENSE

26.    Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

## TWELFTH AFFIRMATIVE DEFENSE

27.    Neither a public employee nor a public entity is liable for any injury caused by the act or omission of another person.

## THIRTEENTH AFFIRMATIVE DEFENSE

28.     Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

## FOURTEENTH AFFIRMATIVE DEFENSE

29.     A public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

## FIFTEENTH AFFIRMATIVE DEFENSE

30.     Neither a public entity nor a public employee is liable for any injury caused by adopting or failing to adopt an enactment or by failing to enforce any law.

## SIXTEENTH AFFIRMATIVE DEFENSE

31.     Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

32.     Neither a public entity nor a public employee is liable for any injury caused by the adoption or failure to adopt an enactment or by the failure to enforce an enactment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

33.     Any alleged acts or omissions by these answering Defendants were superseded by the negligence or intentional acts of Plaintiffs and/or third parties whose negligence intervened and was the sole and proximate cause of any detriment that Plaintiffs alleged in the complaint.

6

**NINETEENTH AFFIRMATIVE DEFENSE**

34.    That the damages, if any, should be in direct proportion to the fault of these Defendants, if any, as provided by Civil Code §§1431 to 1431.5.

**TWENTIETH AFFIRMATIVE DEFENSE**

35.    The actions of these Defendants and their employees in all respects were reasonable, proper and legal.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

36.    Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

37.    Plaintiffs' claims are barred by the doctrine of laches.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

38.    Plaintiffs have failed to join all necessary parties to this action.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

39.    Neither these answering Defendants nor any of its employees acted with deliberate indifference.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

40.    Defendants are not liable pursuant to the doctrine of assumption of risk.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

41.    Plaintiffs failed to mitigate their damages.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

42.    Plaintiffs lack standing to pursue claims for relief.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

43.    Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if public protection service is provided, for failure to provide sufficient police protection service.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

44.    Each of Plaintiffs' state law claims are barred by the absolute "official duty" privilege of Civil Code § 47(a).

## THIRTIETH AFFIRMATIVE DEFENSE

45.    Each of Plaintiffs' state law claims are barred by the absolute privilege of Government Code § 821.6.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

46.    The complaint and individual theories of relief set forth therein are barred by Plaintiffs' failure to have complied with the California public entity and public employee claims filing provisions.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

47.    This action is barred by the applicable statutes of limitations.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

48.    Defendants allege Plaintiffs have not suffered any damages as a result of any alleged act or omission by Defendants and are, therefore, barred from asserting their claims against Defendants.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

49.    To the extent that any force was used in the incident complained of, it was so used in the exercise of the right of self-defense.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

50.    That any injury or damage suffered by Plaintiffs was caused solely by reason of Plaintiffs' wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his office, and not by reason of any unlawful acts or omissions of these Defendants.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

51.    Because Plaintiffs' complaint is couched in conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action.  Accordingly, the right to assert additional

8

affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendants County of Los Angeles, Sheriff Robert Luna in his official capacity, and Sheriff Alex Villanueva pray that Plaintiffs take nothing by way of their Third Amended Complaint and that Defendants herein recover their costs, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated:  October 15, 2025          LAWRENCE BEACH ALLEN & CHOI, PC


By _____ /s/  Raymond W. Sakai _____
          Raymond W. Sakai
          Attorneys for Defendants
          County of Los Angeles,
          Sheriff Alex Villanueva,
          and Sheriff Robert Luna

## **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants County of Los Angeles, Sheriff Alex Villanueva, and Sheriff Robert Luna in his official capacity, and demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated:  October 15, 2025          LAWRENCE BEACH ALLEN & CHOI, PC


By _____ /s/  Raymond W. Sakai _____
          Raymond W. Sakai
          Attorneys for Defendants
          County of Los Angeles,
          Sheriff Alex Villanueva,
          and Sheriff Robert Luna

10