Paul Hoffman, SBN 71244
*hoffpaul@aol.com*
Michael D. Seplow, SBN 150183
*mseplow@sshhzlaw.com*
Aidan C. McGlaze, SBN 277270
*amcglaze@sshhzlaw.com*
John Washington, SBN 315991
*jwashington@sshhzlaw.com*
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES, LLP
9415 Culver Blvd, # 115
Culver City, CA 90232
310-396-0731

Colleen M. Mullen SBN 299059
*colleen@mcelroyparris.com*
MCELROY PARRIS TRIAL
LAWYERS, APLC
407 Bryant Circle, Ste. F
Ojai, CA 93023
805-272-4001

Arnoldo Casillas, SBN 158519
*acasillas@casillaslegal.com*
CASILLAS & ASSOCIATES
3777 Long Beach Blvd., 3RD FLO,
Long Beach, CA 90807
323-725-0350

Morgan Ricketts, SBN 268892
*mricketts@hadsellstormer.com*
Rebecca Brown, SBN 336638
*rbrown@hadsellstormer.com*
HADSELL STORMER
RENICK & DAI LLP
128 N. Fair Oaks Ave.
Pasadena, CA 91103
626- 585-9600

*Attorneys for Plaintiffs and Proposed Class.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIZIA BERG, et al.<br><br>PLAINTIFFS,<br><br>v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>DEFENDANTS. | Case No.: 2:20-cv-07870-DMG-PD<br><br>**PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES; MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT THEREOF**<br><br>[*DECLARATIONS OF MICHAEL D. SEPLOW AND CAROL A. SOBEL FILED UNDER SEPARATE COVER*]<br><br>Hearing Date:    January 23, 2026<br>Hearing Time:    9:30 a.m.<br>Courtroom:        8C |

**TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on January 23, 2026, at 9:30 a.m., in Courtroom 8C of the United States District Court for the Central District of California, 350 W 1st St., Los Angeles, California 90012, Plaintiffs Krizia Berg et al., will and hereby do, move this Court for an order awarding Plaintiffs reasonable attorneys' fees arising from Plaintiffs' motion to find Defendant County of Los Angeles in contempt for violating this Court's Preliminary Injunction, pursuant to this Court's order of October 3, 2025. *See* Dkt. 167.

This motion is based on the accompanying Memorandum of Points and Authorities, the declarations of Michael D. Seplow and Carol A. Sobel and the exhibits thereto, as well as on all declarations, documents and exhibits previously filed in this case in conjunction with Plaintiffs' applications for a Temporary Restraining Order/Preliminary Injunction, their motion for Class Certification, their motion to find Defendants in contempt for violation of the Preliminary Injunction, the files and records in this case, and on such further evidence as may be presented at a hearing on the motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 14, 2025.

DATED: November 17, 2025        Respectfully Submitted,

**SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES, LLP**

By: _____
            Michael  D. Seplow

*Attorneys for Plaintiffs.*

i

**TABLE OF CONTENTS**

I.    INTRODUCTION ...............................................................................................1

II.   BACKGROUND ...............................................................................................1

III.  LEGAL STANDARDS GOVERNING ATTORNEYS' FEES ....................2

IV.   THE TIME INCURRED BY PLAINTIFFS' COUNSEL ON THE
      CONTEMPT MOTION WAS REASONABLE AND NECESSARY. .........5

      A.   Time Spent on this Attorneys' Fees Motion. ......................................8

V.    THE HOURLY RATES ARE REASONABLE. ...........................................9

VI.   A MULTIPLIER IS WARRANTED. ...........................................................9

VII.  CONCLUSION.................................................................................................12

# TABLE OF AUTHORITIES

*Federal Cases*                                                                    *Page(s)*

*Caudle v Bristow Optical Co.*,
　224 F.3d 1014 (9th Cir. 2000) ...................................................................... 3

*Chaudhry v. City of Los Angeles*,
　751 F.3d 1096 (9th Cir. 2014) ...................................................................... 4

*Clark v. City of Los Angeles*,
　803 F.2d 987 (9th Cir. 1986) ................................................................... 6, 8

*Davis v. City and County of San Francisco*,
　976 F.2d 1536 (9th Cir. 1992) ...................................................................... 6

*Harcourt Brace Jovanovich Legal & Prof'l Publ'ns v. Multistate Legal Studies*,
　26 F.3d 948 (9th Cir. 1994) .......................................................................... 2

*Hensley v. Eckerhart*,
　461 U.S. (1983) ........................................................................................... 3

*Innovation Ventures, LLC v. N2G Distrib., Inc.*,
　2015 U.S. Dist. LEXIS 124091 (C.D. Cal. Apr. 29, 2015) ........................ 2, 3

*Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*,
　774 F.3d 935 (9th Cir. 2014) ....................................................................... 2

*Kelly v. Wengler*,
　822 F.3d 1085 (9th Cir. 2016) ................................................................... 11

*Kerr v. Screen Extras Guild, Inc.*,
　526 F.2d 67 (9th  Cir. 1975) ................................................................. 3, 4, 9

*Rodriguez v. Cty. of Los Angeles*,
　96 F. Supp. 3d 1012 (C.D. Cal. 2014) ................................................ 4, 5, 11

*Thompson v. Gomez*,
　45 F.3d 1365 (9th Cir. 1995) ....................................................................... 8

*Van Gerwen v. Guarantee Mut. Life Co.*,
　214 F.3d 1041 (9th Cir. 2000) ..................................................................... 2

## **TABLE OF AUTHORITIES – CONT'D**

*State Cases*                                                                                       *Page(s)*

*Ketchum v. Moses*,
   24 Cal. 4th 1122 (2001) ................................................................................... 5, 9

*State Statutes*

Cal. Civ. Code § 52.1 ............................................................................................ 4

Cal. Code Civ. Proc. § 1021.5 ............................................................................... 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This motion arises from the Court's October 3, 2025 order (the Contempt Order, Dkt. 167), in which the Court found Defendants in contempt of its Preliminary Injunction regarding the use of less-lethal weapons against non-violent protestors.  In addition to concluding there was clear and convincing evidence that the Los Angeles Sheriff's Department ("LASD") had improperly used less-lethal weapons on non-threatening persons during protests in June 2025 in direct contravention of the Court's Preliminary Injunction ("PI"), the Court awarded Plaintiffs reasonable attorneys' fees for their efforts in bringing the contempt motion ("MFC").  With an overall 10% reduction in exercise of billing discretion, Plaintiffs seek a fee award of $390,510 based on the significant time they expended engaging in initial research and outreach, preparing the motion for contempt (Dkt. 153, 153-1, 153-2) and reply papers (Dkt. 162, 162-1), and attending and arguing the MFC (including a 2x multiplier for contingent risk and benefits to the public interest), as well as a modest amount of additional time, 40.4 hours coming to $37,134 (without a multiplier), spent preparing the instant Fees Motion.

As illustrated below, Plaintiffs' hours and rates are reasonable, and the multiplier is warranted given the outcome achieved, the novelty of the legal issues, the benefits to the public, and the efforts of counsel in pursuing this matter at the expense of other matters.

### II.    BACKGROUND

The Court set forth virtually all of the pertinent background in its Contempt Order.  *See* Dkt. 167 at pp. 1-9.  In that Order, this Court concluded "Plaintiffs have established by clear and convincing evidence that the County violated the PI, beyond substantial compliance, and not based on a good faith and reasonable interpretation of the PI."  Dkt. 167 at p. 14.  The Court further granted Plaintiffs' request for reasonable attorneys' fees associated with their efforts in bringing the

contempt motion, directing the parties to meet and confer on a briefing schedule for the instant Fees Motion.  Dkt. 167 at p. 17.

Subsequent to the issuance of the Contempt Order, the parties met and conferred in good faith to set a briefing schedule for the Fees Motion and to explore whether they might be able to resolve the amount of fees to be paid by the County without the need for further briefing.  *See* Declaration of Michael D. Seplow ("Seplow Decl."), ¶ 2.  To date, the parties have not been able to resolve this issue. *Id.*

## III.    LEGAL STANDARDS GOVERNING ATTORNEYS' FEES

As this Court is aware, "Plaintiffs are entitled to recover attorney's fees and costs incurred in bringing and prosecuting . . . contempt proceedings." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014); *see also Harcourt Brace Jovanovich Legal & Prof'l Publ'ns v. Multistate Legal Studies*, 26 F.3d 948, 953 (9th Cir. 1994) ("An award of attorney's fees for civil contempt is within the discretion of the district court.").

"Even after a court concludes that a party is entitled to an award of attorneys' fees '[i]t remains for the district court to determine what fee is "reasonable."'" *Innovation Ventures, LLC v. N2G Distrib., Inc.*, No. SA CV 12-00717-AB (Ex), 2015 U.S. Dist. LEXIS 124091, at *6 (C.D. Cal. Apr. 29, 2015) ("*Innovation Ventures*") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).  To determine what fee is reasonable, courts first calculate and examine the attorneys' lodestar.  *See Innovation Ventures*, 2015 U.S. Dist. LEXIS 124091, at *6 (collecting cases).  To facilitate this calculation, "[t]he party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  The district court has discretion in reviewing and adjusting both the hourly rates and the time expended.  *See Innovation Ventures*, 2015 U.S. Dist. LEXIS 124091, at *7-9 (collecting cases).

2

Notably, "a prevailing party 'is not required to record in great detail how each minute of his time was expended.' [*Hensley*, *supra*, 461 U.S.] at 437 n.12. The prevailing party seeking attorneys' fees need only 'identify the general subject matter of his time expenditures' to meet its burden of establishing its fee request is reasonable. *Id.* This limited obligation reflects the broader policy that a 'request for attorney's fees should not result in a second major litigation.' *Id.*, at 437." *Innovation Ventures*, 2015 U.S. Dist. LEXIS 124091, at *7.

"As to the reasonableness of the rates charged, the reasonable fees are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Id.* at *8-9 (quoting *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009)) (internal quotation marks omitted).

In any event, "[o]nce calculated, '[t]he lodestar amount is presumptively the reasonable fee amount' and may only be adjusted upward or downward by applying a multiplier in 'rare' or 'exceptional' cases where 'the lodestar amount is unreasonably low or unreasonably high.'" *Id.* at *9 (quoting *Van Gerwen v. Guarantee Mut. Life Co.*, *supra*, 214 F.3d at 1045).

Specifically, the court may adjust this presumptively reasonable amount based upon factors set for in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), to the extent that those factors are not reflected in the lodestar calculation. *See Caudle v Bristow Optical Co.*, 224 F.3d 1014, 1028-29 (9th Cir. 2000). As the Ninth Circuit explained in *Kerr*, these factors include: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the

3

case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." 526 F.2d at 70. "The failure to consider such factors constitutes an abuse of discretion." *Id.*

In addition, because "California law allows for a multiplier of the lodestar to compensate for the risk of contingent representation," the Ninth Circuit allows "a plaintiff [who] succeeds on both federal and state claims" to seek "the state-law multiplier." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1112 (9th Cir. 2014) (citing *Ketchum v. Moses*, 24 Cal. 4th 1122, 1136-39 (2001)).[1] Accordingly, "when a plaintiff succeeds on both federal and state claims that support a fee award, the state-law multiplier is available." *Chaudry*, 751 F.3d at 1112 (citing *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478-79 (9th Cir. 1995).[2] Indeed, "[w]hen there is a state law cause of action in a federal court, courts recognize that 'a state right to an attorney's fee reflects a substantial policy of the state' and 'the  method

---

[1] Plaintiffs' claims underlying the contempt motion and the Preliminary Injunction include a claim under the Bane Act, California Civil Code section 52.1. "Plaintiffs who prevail on a claim under California Civil Code § 52.1 are entitled to attorneys' fees pursuant to Cal. Civ. Code § 52.1(h)." *Rodriguez v. Cty. of Los Angeles*, 96 F. Supp. 3d 1012, 1017 (C.D. Cal. 2014).

[2] In addition, California Code of Civil Procedure provides for the award of attorneys' fees in cases providing a benefit to the public. Pursuant to section 1021.5, "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. With respect to actions involving public entities, this section applies to allowances against, but not in favor of, public entities, and no claim shall be required to be filed therefor, unless one or more successful parties and one or more opposing parties are public entities, in which case no claim shall be required to be filed therefor under Part 3 (commencing with Section 900) of Division 3.6 of Title 1 of the Government Code." Cal. Code Civ. Proc. § 1021.5.

of calculating a fee is an inherent part of the substantive right to the fee itself . . .'" *Rodriguez v. Cty. of Los Angeles*, 96 F. Supp. 3d 1012, 1018 (C.D. Cal. 2014) (quoting *Mangold*, 67 F.3d at 1479).  Further, "[t]he Ninth Circuit has held that it is proper to use state law to determine an attorney's fee where there are overlapping federal and state civil rights claims and state law provides a greater than does federal law." *Rodriguez*, 96 F. Supp. 3d at 1017-18.

Notably, under California law, the fee "may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) *the contingent nature of the fee award*." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (emphasis added).  California law approves applying a multiplier where significant constitutional rights are at risk and there would otherwise be insufficient incentive for attorneys to litigate such matters.  *See id.* ("The purpose of a fee enhancement, or so-called multiplier, for contingent risk is to bring the financial incentives for attorneys enforcing important constitutional rights . . . into line with incentives they have to undertake claims for which they are paid on a fee-for-services basis.").

## IV.    THE TIME INCURRED BY PLAINTIFFS' COUNSEL ON THE CONTEMPT MOTION WAS REASONABLE AND NECESSARY.

In order to prevail on the Contempt Motion, Plaintiffs' counsel spent substantial time gathering information, viewing video, speaking with witnesses, drafting declarations, researching the legal issues relating to the motion, drafting the motion and the reply papers and preparing for and attending the hearing on October 3, 2025.  Seplow Decl., ¶ 3.

In particular, after hearing media reports the LASD's response to the protests starting on June 7, 2025, Plaintiffs' counsel first started discussing whether the LASD's actions were in violation of the PI in this case.  Counsel learned of

additional possible violations by the LASD during the No Kings Protest on June 14, 2025. Thereafter, Plaintiffs' counsel had several zoom meetings to discuss investigating the LASD's actions during the June protests and to update us on the status of the investigation and outreach. Plaintiffs' counsel spent many hours gathering information and evidence to support the contempt motion including viewing media and social media reports and videos about the LASD's actions during the June protest and reaching out to persons injured by the LASD or who witnessed LASD actions during the June protests. Plaintiffs' counsel obtained declarations from 11 witnesses that were submitted in support of the contempt motion. Plaintiffs' counsel also spent considerable time researching both the contempt motion, the arguments in Defendants' opposition, and the reply, in addition to diligently preparing for the October 3, 2025 hearing. Seplow Decl., ¶ 4.

Attached to the Seplow Declarations as Exhibit 1 are the timesheets for each of Plaintiffs' counsel which set forth the time and work done for Plaintiffs' counsel and their paralegal Carlos Gallegos on the contempt motion. *See* Seplow Decl., ¶ 4.

In total, Plaintiffs' counsel and staff incurred approximately 211.5 hours on the merits, researching and drafting the moving and reply papers, in addition to preparing for and arguing the motion before the Court. These hours (excluding "Fee Hours" spent preparing the Fees Motion,[3] with a 10% reduction in exercise of billing judgment) are reflected in the chart below as follows:

---

[3] It has long been established that a prevailing plaintiff is entitled to recover fees for time spent litigating to recover attorneys' fees. *See Davis v. City and County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992), *opinion vacated in part on denial of reh'g*, 984 F.2d 345 (when interpreting fee shifting statutes, the Ninth Circuit "has repeatedly held that time spent by counsel in establishing the right to a fee award is compensable"); *see also Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) (characterizing defendant's objection to fees on fees as "frivolous" because "like every other court that has considered the question" the Ninth Circuit has held that the time spent in establishing entitlement to an amount of fees awardable under [fee shifting provisions] is compensable").

| ATTORNEY | NON-FEE / MERITS TIME | RATE | LODESTAR |
|---|---|---|---|
| Michael D. Seplow | 95.6 | $1,300.00 | $124,280.00 |
| Paul Hoffman | 11.8 | $1,475.00 | $17,405.00 |
| John Washington | 19.8 | $850.00 | $16,830.00 |
| Aidan McGlaze | 16.1 | $1,100.00 | $17,710.00 |
| Carlos Gallegos *(paralegal)* | 21.6 | $300.00 | $6,480.00 |
| Rebecca Brown | 32.1 | $650.00 | $20,865.00 |
| Morgan Ricketts | 2.2 | $1,050.00 | $2,310.00 |
| Colleen Mullen | 12.3 | $900.00 | $11,070.00 |
| **TOTAL:** | **211.5** | | $216,950.00 |
| **LESS 10% REDUCTION** | | | $195,255.00 |

As explained in the Seplow Declaration, these hours were necessary to engage in significant outreach, beginning in June 2025, to ascertain the factual details emerging from multiple days of protest at which LASD were present and using less lethal weapons against protestors. *See* Seplow Decl. ¶¶ 3-4.

Subsequently, Plaintiffs' counsel expended significant time preparing the moving papers, including the finalization of 11 separate declarations from class representatives and other witnesses to the June 2025 protests, a declaration from Plaintiffs' counsel Michael D. Seplow compiling video footage of the protests, and substantial legal argument on the question of whether the County should be held in contempt. *See* Dkt. 153, 153-1, 153-2, 153-3, 153-4.

Defendants' opposition to the Contempt Motion included not just robust legal argument, but the 143-page declaration of Raymond Sakai, through which Defendants provided multiple declarations and additional evidence in support of their position. To prepare their reply papers, Plaintiffs' counsel reviewed and analyzed all of this material. Seplow Decl. ¶¶ 3-4; Dkt. 159, 159-1.

Plaintiffs counsel's total lodestar for the contempt motion is **$216,950.** Seplow Decl. ¶ 20. In the exercise of billing discretion, Plaintiffs' counsel is reducing this amount by 10% for a total lodestar request of **$195,255.** *Id.*

A.    **Time Spent on this Attorneys' Fees Motion.**

As noted, Plaintiffs are allowed to recover time spent litigating a motion for attorneys' fees. *See, e.g.*, *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995) ("Recoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ('merits fees') as well as fees incurred while pursuing merits fees ('fees-on-fees').").

Plaintiffs' counsel spent approximately 40.4 hours preparing this Attorneys' Fees Motion and the supporting documents filed with it. *See* Seplow Decl. at ¶ 21 Plaintiffs lodestar to date for the attorneys' fees motions is $41,260 and Plaintiffs' counsel will reduce that amount by 10% to arrive at a current fee to date of $37,134 for time spent bringing this fee motion. *Id.*

| ATTORNEY | FEE-MOTION TIME | RATE | LODESTAR |
|---|---|---|---|
| Michael D. Seplow | 14.1 | $1,300.00 | $18,330.00 |
| Aidan McGlaze | 18.8 | $1,100.00 | $20,680.00 |
| Carlos Gallegos *(paralegal)* | 7.5 | $300.00 | $2,250.00 |
| **TOTAL:** | **40.4** | | $41,260.00 |
| **LESS 10% REDUCTION** | | | $37,134.00 |

These hours were also judiciously expended and well-warranted in assembling a fee motion of this complexity. Plaintiffs' counsel are not including the time spent gathering and reviewing their time in this fee motion. Seplow Decl. ¶ 21 In addition, this does not include time spent on the reply and hearing; Plaintiffs' counsel will submit a supplemental declaration with their reply papers to address that additional time. *Id.*

8

## V.     THE HOURLY RATES ARE REASONABLE.

As set forth in the concurrently filed declaration of Plaintiffs' rate expert, Carol A. Sobel, the hourly rates proposed by counsel are in keeping with market rates for the Central District of California.  More specifically, counsel's requested rates are "well within the market rate for attorneys of their skill, experience and reputation in the public interest legal community but well below rates for comparably skilled and experienced attorneys at large firms engaged in similarly complex litigation in the Los Angeles legal market."  Sobel Decl., ¶ 34; *see also* Sobel Decl., ¶¶ 31-62 (detailing comparisons with other attorneys' market rates); Seplow Decl.  ¶¶ 5-18) (discussing qualifications of counsel).

## VI.     A MULTIPLIER IS WARRANTED.

"The purpose of a fee enhancement, or multiplier, for contingent risk is to bring the financial incentives for attorneys enforcing important constitutional rights . . . into line with incentives . . . they are paid on a fee-for-services basis." *Ketchum v. Moses*, *supra*, 24 Cal. 4th at 1132.  An upward departure is warranted here for several reasons under the *Kerr* and *Ketchum* factors.  *See* 526 F.2d at 70 (listing factors); *see also Ketchum*, 24 Cal. 4th at 1132 ("The purpose of such adjustment is to fix a fee at the fair market value for the particular action.  In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services.").  Here, Plaintiffs' counsel achieved an extraordinary result by committing extensive resources to pursuing a high-risk collateral motion in a case where compensation is entirely contingent.  Indeed, virtually all of the factors weigh in favor of an upward departure, while the remaining factors are neutral.

(1) **the time and labor required**: as noted above, this contempt motion was far from routine, presenting difficult legal questions that required significant factual

9

development regarding the conditions on the ground at multiple protests spread over multiple days in June 2025.  Seplow Decl. ¶¶ 3-4.

(2) **the novelty and difficulty of the questions involved**: this area of the law is still developing, and the implementation of the Court's PI therefore presented novel questions regarding the degree to which training, protocol, custom, and oversight combine to impact behavior within the LASD.

(3) **the skill requisite to perform the legal service properly**: as discussed above, counsel are highly skilled and experienced in civil rights and class action practice.  *See* Seplow Decl. ¶¶ 5-18.

(4) **the preclusion of other employment by the attorney due to acceptance of the case**: For counsel to devote time and resources to the contempt motion necessitated them foregoing other matters which might have been more likely to lead to compensation.  *See* Seplow Decl. ¶ 19.

(5) **the customary fee**: there is no benchmark for a customary fee for such a motion.  This only underscores the degree of risk inherent in pursuing both this litigation overall, and this specific contempt motion within the litigation.  The Plaintiffs in this case are members of the general public without the resources to fund a litigation team comprising multiple top-tier plaintiffs' firms.

(6) **whether the fee is fixed or contingent**: the highly uncertain, contingent nature of the attorneys' fees in this matter weigh strongly in favor of upward departure.

(7) **time limitations imposed by the client or the circumstances**: the ongoing nature of the underlying protests created strong incentives for Plaintiffs' counsel to pursue the contempt motion with all reasonable haste.  *See* Seplow Decl., ¶¶ 3-4.

(8) **the amount involved and the results obtained**: as discussed, Plaintiffs' counsel devoted substantial time to researching and preparing this motion, and obtained an exceptional result on behalf of the putative class and the general public.

(9) **the experience, reputation, and ability of the attorneys**: Plaintiffs' counsel respectfully submit that their reputations and experience are both exceptional, as detailed above.

(10) **the 'undesirability' of the case**: pursuing contingent litigation against the LASD seeking injunctive relief is arguably risky. Many attorneys would not want to undertake this sort of litigation.

(11) **the nature and length of the professional relationship with the client**: this factor is at worst neutral. However, as noted, the Plaintiffs in this matter are members of the general public who attended protests. There is no longstanding relationship here between Plaintiffs and Plaintiffs' counsel that would warrant a reduction in the lodestar.

(12) **awards in similar cases**: Plaintiffs' counsel have not located a comparable award for this Court to benchmark. However, in other civil rights cases, district courts have deemed a 2x multiplier appropriate. *See, e.g.*, *Kelly v. Wengler*, 822 F.3d 1085, 1102 (9th Cir. 2016) ("The district court relied on two non-subsumed factors to justify its attorney's fees enhancement — superior performance and the need to attract competent counsel."); *Rodriguez*, 96 F. Supp. 3d at 1026 (C.D. Cal. 2014) ("A 2.0 multiplier will be applied to Plaintiffs' fee for services rendered the merits of this litigation."). Accordingly, Plaintiffs submit that a multiplier of between 1.5 and 2.0 is justified under the circumstances.

///

///

///

11

## VII.  CONCLUSION

With a 2.0 multiplier on the contempt motion work, the total fee award comes to $427,644 ($195,255 times two equals $390,510; $390,510 plus $37,134 equals $427,644).  For the reasons stated above, Plaintiffs' counsel respectfully request that the Court award them the entirety of their fees, with a multiplier on the merits portion, as detailed above.

DATED: November 21, 2025          Respectfully submitted,

**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**

By:_____
        Michael D. Seplow

*Attorneys for Plaintiffs.*

12

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs hereby certifies that this brief contains 3,534 words, which complies with the word limit of Local Rule 11-6.1.


DATED: November 21, 2025  Respectfully submitted,

          **SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**

By: _____
          Michael D. Seplow

*Attorneys for Plaintiffs.*

13